### 7528

### PORTER v. LESESNE.

INJUNCTION—APPEAL.—An order staying proceedings pending appeal should be made only when it appears the party making the application has just reason to apprehend that without a stay he would be deprived of the favorable result of the appeal.

Motion by defendant before JUSTICE WOODS to revoke order staying proceedings pending appeal.

*Messrs. Lee* and *Askins* and *Walter Hazard,* for the motion.

*Messrs. Edwin L. Hirsch, Robt. J. Kirk* and *Willcox & Willcox,* contra.

March 31, 1910. Order by MR. JUSTICE WOODS. On January 28, 1910, Judge Shipp made an order in this cause on the *ex parte* application of the plaintiff "that the defendant, C. H. Lesesne, his agents, servants, employees, attorneys and all persons claiming or acting through or under him or them, be and they are hereby enjoined and

restrained from in anywise trespassing upon the tract of land described in the complaint in this action until the further order of this Court."

On March 2, 1910, Judge Klugh heard and granted a motion to dissolve the injunction on the pleadings and affidavits submitted by plaintiff and defendant, giving his reasons in this language: "Upon consideration of the moving papers, and the papers in opposition thereto, I am satisfied that the defendant was in possession of the tract of land mentioned in the pleadings at the time the order of injunction was made, and that, therefore, it is nugatory. I am also satisfied that the temporary injunction is not essential to the assertion and preservation of any legal right of the plaintiffs." From this order plaintiff appealed and duly filed his return in the Supreme Court.

On March 7, 1910, I made an order on the *ex parte* application of the plaintiff suspending and superseding Judge Klugh's order pending the appeal to the Supreme Court, but providing that defendant might move before me to revoke the order of *supersedeas* on four days' notice. The matter is now before me on defendant's motion to revoke the order staying the operation of Judge Klugh's order pending the appeal.

An order staying proceedings pending appeal to the Supreme Court, as it seems to me, should be made only when it appears that the party making the application has just reason to apprehend that without a stay he would be deprived of the benefit of the favorable result of the appeal. I express no opinion as to the facts of the case, but careful consideration of the record fails to impress me that there will be any serious difficulty in restoring the status of the parties as it existed under Judge Shipp's decree, in the event that the plaintiff's appeal is sustained.

For this reason I revoke the *ex parte* order granted by me on March 7, 1910.